UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                         Case No. 3:21-cr-45

vs.

MICHAEL MILLER,                         District Judge Michael J. Newman

    Defendant.

## PRETRIAL ORDER

This criminal case came before the Court for a pretrial scheduling conference on June 7, 2021. Attorneys Arthur Mullins and Ryan Saunders appeared and participated. The Court hereby sets, with agreement of the parties, the following schedule that will govern this matter through trial.

### I. Trial Date

The Court finds, and the parties agree, that the Speedy Trial Act deadline for this case is **August 5, 2021**. 18 U.S.C. § 3161. Therefore, this case is set for trial on **August 2, 2021**.[1] A final pretrial conference will be held on **July 19, 2021** at 3:00 p.m. via GoToMeeting video software.[2]

### II. Discovery and Inspection

Defense counsel is directed to contact the Assistant United States Attorney in charge of the prosecution of this case to arrange a meeting for the purpose of resolving all discovery requests provided for under the Federal Rules of Criminal Procedure, including Rule 16. The government

---

[1] Pursuant to General Order No. 21-07, the jury trial will be held in a courtroom outfitted with plexiglass.
[2] Meeting information will be provided to counsel prior to the hearing.

shall make the required disclosure of evidence discoverable under the terms and conditions of Rule 16 by **June 18, 2021**.

The discovery meeting shall be held as promptly as possible. If, at any time during the course of these proceedings, any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a specific motion to compel discovery. Motions to compel shall be filed no later than seven days from the date of a party's denial of the initial discovery request.

### III. Motions

All motions of any kind, by the defendant or by the government, shall be filed on or before **June 28, 2021**. All responses in opposition shall be filed no later than seven business days after the filing of said motions.[3] Upon the filing of any motion, the movant shall state whether and for what reasons an evidentiary hearing is required. If the Court agrees, an evidentiary hearing will be scheduled.

The Court anticipates that counsel will file motions in compliance with Local Civil Rule 7.3. S.D. Ohio Civ. R. 7.3; *see also* S.D. Ohio Crim. R. 1.3 (indicating that Local Civil Rule 7.3 is applicable in criminal cases). Counsel for the movant shall state whether opposing counsel consents to or will oppose the pending motion. If opposing counsel does not respond to the request, the motion shall state that such an attempt occurred.

### IV. Plea Negotiations and Plea Agreement

Plea agreement discussions between the Assistant United States Attorney and defense counsel pursuant to Rule 11 of the Federal Rules of Criminal Procedure shall commence as soon as practicable. If a plea agreement is reached, counsel shall notify the Court and submit the plea agreement. The defendant shall sign the plea agreement and initial the bottom of each page. A

---

[3] Briefing schedules for motions to suppress evidence will be set by separate Order.

change of plea hearing shall be scheduled soon thereafter. The Court will consider plea agreements reached under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

## V.     Motions for Continuance

Any motion for a change of the trial date shall be in writing and made at least seven days prior to the scheduled trial date. Motions for continuances shall set forth those Speedy Trial Act factors listed in 18 U.S.C. § 3161(h)(7)(B) that the movant contends support the motion.

## VI.     Exhibits

### A.     Exhibit Lists

Unless otherwise ordered, counsel shall submit to the Court's chambers three typed copies of a list of the proposed exhibits no later than seven business days before the date of trial. This list shall include the proposed exhibit number and a substantial description of the exhibit. Both sides shall number their exhibits with Arabic numbers, preceded by the letter prefix "G" for prosecution or "D" for defense. Exhibit lists shall be three-hole punched.

### B.     Trial Exhibits

Each party intending to offer exhibits will mark the exhibits prior to the commencement of trial. Three business days before trial begins, counsel shall provide the original and two copies of the exhibits to the Court and one copy to opposing counsel. The exhibits provided to the Court should be three-hole-punched and placed in binders. A copy of the exhibit list should precede the exhibits in the binders prepared for the Court.[4]

At trial, counsel may not approach a witness to tender an exhibit. Rather, the Courtroom Deputy will place each exhibit before each witness. In formulating a question to a witness, counsel shall specify the exhibit number or designation involved to ensure a clear record.

---

[4] Counsel, by motion, may request a different method of handling exhibits.

Exhibits introduced for the first time during trial, *i.e.*, exhibits used for impeachment, must be distributed to opposing counsel and the Court in the same quantity and format as exhibits produced before trial.

Counsel are responsible for any exhibits expected to be used during trial. At the end of each trial session, counsel shall return all original exhibits to the Courtroom Deputy.

### VII. Stipulations

Three copies of any and all stipulations shall be submitted to the Court at least seven business days before the scheduled trial date.

### VIII. Statement of the Case

An Agreed Joint Statement of the Case shall be submitted to Court by **July 26, 2021**. The Statement of the Case shall be read to potential jurors by the Court prior to *voir dire*.

### IX. *Voir Dire* Examination

Prospective jurors will be seated in numerical order in the courtroom. The whole panel of prospective jurors -- persons seated in the jury box and persons seated in the courtroom benches -- will be examined in one continuous examination.

Each prospective juror will be assigned a "juror number" by the Clerk's Office. Counsel will receive a listing of the jurors' names and numbers prior to jury selection. When interrogating a juror, counsel should refer to the juror by number only.

The Court will conduct a preliminary *voir dire* examination tailored to the issues in the case. Defense counsel and the government will then be permitted to ask additional questions. During *voir dire*, counsel shall address their questions to the whole panel. Counsel may not question an individual juror unless the answer of a specific juror justifies further inquiry.

Counsel will not be permitted to question jurors individually regarding their background information. This information will be provided to counsel prior to the commencement of *voir dire*.

Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

## X. Challenges

The juror challenge process will occur after questioning and in the Court's chambers. The entire panel, not just prospective jurors seated in the jury box, shall be accepted, challenged for cause, or peremptorily challenged in a continuous sequence with reseating prospective jurors. Counsel shall not be permitted to return to the courtroom to refresh their memory of a particular juror. It is counsel's responsibility to determine the current makeup of the jury by reference to the seating plan.

## XI. Preemptory Challenges

Peremptory challenges in single-defendant cases will be exercised as follows:

   a. United States exercises its first challenge
   b. Defendant exercises his or her first challenge
   c. United States exercises its second challenge
   d. Defendant exercises his or her second and third challenges
   e. United States exercises its third challenge
   f. Defendant exercises his or her fourth or fifth challenges
   g. United States exercises its fourth challenge
   h. Defendant exercises his or her sixth and seventh challenges
   i. United States exercises its fifth challenge
   j. Defendant exercises his or her eighth and ninth challenges
   k. United States exercises its sixth challenge
   l. Defendant exercises his or her tenth challenge

Any party that "passes" (*i.e.*, forgoes to exercise a challenge in the order prescribed) has thereby "used" their challenge.

After twelve jurors have been fully qualified, and counsel state that they are satisfied with the jury, peremptory challenges as to the alternate juror(s) will then be exercised in the same manner.

### XII. Jury Instructions

Counsel should draft proposed, substantive jury instructions that state the governing rules of law with appropriate case citations. An original of the proposed instructions shall be filed with the Clerk's Office at least seven business days before the scheduled trial date.

### XIII. Sentencing

The Court will order the Probation Office to conduct and complete a presentence investigation and report consistent with Local Criminal Rule 32.1 following conviction or entry of a guilty plea. Parties will be afforded an opportunity to submit sentencing memorandums no later than seven days before the sentencing hearing.

### XIV. Papers Submitted to the Court

All briefs, memorandums, or other submissions filed with the Court shall be drafted in twelve-point, Times New Roman font.

### XV. Conclusion

Unless a motion to continue has been filed or some other action or motion under 18 U.S.C. § 3161(h)(1) through (8) has occurred that would exclude time from the Speedy Trial Act deadline, the parties are required to fully comply with the requirements and deadlines contained in this Order.

**IT IS SO ORDERED.**

Date:  June 9, 2021                                                     s/Michael J. Newman

                                                Hon. Michael J. Newman
                                                United States District Judge